UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| DENNY KING, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 6: 18-56-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| TOMMY L. GRAHAM, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The plaintiffs filed this action in the Harlan Circuit Court on January 22, 2018, alleging that the defendants negligently caused a mudslide to enter their property, resulting in "severe damage to both their real property and chattel."  [Record No. 1-1, ¶¶ 21-30]  The Complaint seeks compensatory damages, costs, interest, and attorney's fees.  [*Id.* ¶¶ 3-6 of the *ad damnum* clause] Consistent with the Kentucky Rules of Civil Procedure, the Complaint does not specify any sum of damages the plaintiffs are seeking.  Ky. R. Civ. Pro. 8.01(2).

The defendants removed the matter to this Court on February 23, 2018.  They alleged that this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1), and that removal is proper under 28 U.S.C. § 1441(a), "because there is complete diversity of citizenship between the plaintiffs and defendants and the amount in controversy exceeds $75,000.00." [1]  The matter is now pending for consideration of the plaintiffs' motion to remand.  [Record No. 7]

---

[1] To properly invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332(a)(1), the Notice of Removal must allege that "the matter in controversy exceeds the sum or value of $75,000, *exclusive of interest and costs*."  The defendants' Notice of Removal makes no mention of interest and costs and, therefore, is defective.

Where, as here, "State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," the defendant may assert the amount in controversy in its notice of removal. 28 U.S.C. § 1446(c)(2)(A)(ii); Ky. R. Civ. Pro. 8.01(2). However, "[a] removal action is only proper based on the amount in controversy asserted in the removal notice 'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in 28 U.S.C. § 1332(a).'" *Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 481 (6th Cir. 2014) (quoting 28 U.S.C. § 1446(c)(2)(B)). "The party seeking removal bears the burden of demonstrating that the district court has original jurisdiction." *Id.* (quotations omitted). Further, the removal statute is strictly construed and all doubts resolved in favor of remand. *Shupe*, 566 F. App'x at 481 (quotations omitted).

To satisfy the preponderance of the evidence standard, the removing party must produce "competent proof" that the amount in controversy is met. *Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 559 (6th Cir. 2010). The defendant can satisfy this requirement by pointing to "clear allegations" in the Complaint that make it self-evident that the amount in controversy is well in excess of $75,000.00. *Ison v. C. Reiss Coal Co.*, 13-cv-10, 2013 SL 789122 (E.D. Ky. Mar. 1, 2013) (citing *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001)). "But where a complaint provides no basis to ascertain the nature or extent of the plaintiffs damages, the allegations are not sufficiently clear," and the matter should be remanded because "speculation is not competent proof." *Id.* (quotations omitted).

The defendants in this case allege that "it is more likely than not that at least one or more of [the plaintiffs] claim damages in excess of $75,000.00 against one or more of the

defendants, since they allege 'severe damage to both their real property and chattels.'" [Record No. 1, ¶ 9 (quotations omitted; alterations adopted)] However, there is no indication in the Complaint or the Notice of Removal that the value of any of the individual properties or chattels at issue exceeds $75,000.00, exclusive of interest and costs, and it is not self-evident from the mere allegation that the damage was "severe" that the amount in controversy is well in excess of this jurisdictional minimum. As a result, the defendants have not carried their burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Accordingly, it is hereby

**ORDERED** as follows:

1.      The plaintiffs' motion to remand [Record No. 7] is **GRANTED**.

2.      This matter is **REMANDED** to the Harlan Circuit Court and **STRICKEN** from the Court's docket.

This 11th day of April, 2018.



Signed By:

Danny C. Reeves

United States District Judge